## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL DWAYNE HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-2121** |
| **HONRBECK OFFSHORE SERVICES, LLC** | **SECTION: "N" (4)** |

### ORDER

Before the Court is a **Motion to Compel (R. Doc. 27)** filed by the Plaintiff, Daniel Dwayne Hill, seeking an Order compelling the Defendant, Hornbeck Offshore Services, LLC, to produce a statement requested in its propounded discovery requests.  Hornbeck opposes the motion.  The motion was considered on the briefs.

I.    **Background**

This matter was brought pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. and General Maritime Law.  The Plaintiff contends that he was a seaman and a member of the crew of vessels owned and/or operated by Hornbeck Offshore Services, LLC.  On or about June 13, 2008, the Plaintiff was a member of the crew tank barge Energy 6503 which was located in the territorial waters of Puerto Rico.  The Plaintiff noticed a cable that tied the barge to the dock and found that it was negligently tied and needed to be tightened.  Plaintiff contends that because the Energy 6503 had an insufficient crew and an inadequate mechanical winch, he had to use the vessel's winch by hand which caused serious injuries to his back.  As a result of his injuries, in June of 2008, he underwent a diskectomy.

1

In April of 2009, Hill returned to work as a seaman and a member of the crew, this time on the Energy 6505 which was located in the Atlantic Ocean, north of Virginia.  In May of 2009, he was required to work a crane which had no functioning hydraulics.  He contends that there was an inadequate crew, so he was forced to operate the crane by himself.  During the course of operating the crane, he again injured his back which required him to undergo two additional surgeries in September, 2009, and March, 2010.

The Plaintiff contends that the injuries he suffered as to both accidents were a direct and proximate result of the negligence of his employer, Hornbeck, and the unseaworthiness of the two vessels involved.  He seeks damages for medical and related expenses, loss of earnings and impairment to earning capacity, physical injury and disability, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life.

As to the instant motion, on February 1, 2011, the Plaintiffs propounded a set of Interrogatories and Requests for Production of Documents.  Among those discovery requests was the Plaintiffs Interrogatory No. 4 and corresponding Request for Production of Documents No. 2.  Specifically, the Plaintiff seeks to compel the production of a statement made by him on June 17, 2008, following his June 13, 2008, injury.  Hornbeck has indicated that it will produce the statement, but will do so only after the Plaintiff has submitted to a deposition.  The Plaintiff contends that it is entitled to the document prior to the deposition, and therefore Hornbeck should be compelled to produce the document.  Hornbeck opposes the motion.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure Rule 26(d) provides that there is no priority rule for the sequence of discovery. Instead, Rule 26(d) provides that "methods of discovery may be used in any sequence and the fact that a party is conducting discovery . . . shall not operate to delay any other

party's discovery. Fed.R.Civ.P. 26(d).  The comment to section D indicates that the principal effect of this section is "to eliminate any fixed priority in the sequence of discovery."

Under Federal Rule of Civil Procedure 26(b), "a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." Fed. R. Civ. P . 26(b)(3).  It is clear "that both parties and non-parties are entitled to secure production of any statements they have given without any special showing."  *Scott v. Litton Avondale Industries,* 2003 WL 1913976 (E.D. La. April 16, 2003) (citing *Sims v. Lafayette Parish School Board,* 140 F.R.D. 338 (W.D.La.1992)).  Further, the rule makes "a party's statement 'discoverable as of right.'" *Miles v. M/V Mississippi Queen,* 753 F.2d 1349, 1351 (5th Cir.1985).

The Court notes, however, that the comments to section B of Rule 26 and some courts have concluded that that "[i]n appropriate cases the court may order a party to be deposed before his statement is produced." *See e.g., In re L.L.P. & D.,* 1998 WL 113937 at * 1 (delaying a statement's production until the deposition because of the strong interest in maintaining the integrity of the statement).

Courts have noted that such protective orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Baggs v. Highland Towing, L.L.C.,* CIV.A. 99-1318, 1999 WL 539459, at *2 (E.D.La. July 22, 1999) (citing *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998)). Further, "both the Advisory Committee Notes and the Fifth Circuit anticipate a showing of good cause before a court may delay production of a statement." *Sims,* 140 F.R.D. at 339. Accordingly, the burden is on Bayou to provide particular reasons for seeking the deposition prior to their production of the statement.

### III.   **Analysis**

The Plaintiff contends that it is entitled to a copy of his statement pursuant to Federal Rule of Civil Procedure 26(b)(3)(C) which provides that a witness's own prior statement be provided upon request and without a special showing.

The Plaintiff contends that this Court's prior ruling in *Monceaux v. Bayou Fleet, Inc.*, 2006 WL 1236055 (E.D. La. May 5, 2006)(Roby, J.) is controlling.  The Plaintiff asserts that, as this Court held in *Monceaux*, a protective order which does not require disclosure of a witness statement until after the witness is deposed is limited to circumstances where a party makes a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  The Plaintiff contends that, under *Monceaux*, the fact that an accident was unwitnessed is not enough to require a delay in producing a witness statement.

The Plaintiff contends that here, the Defendant has provided no reason for delaying the production of his statement which he is unquestionably entitled to under the Federal Rules.  Therefore, the statement should be produced.

In response, Hornbeck contends that it does not dispute that the Plaintiff is entitled to the statement.  Instead, it merely disputes the timing in which the Plaintiff may receive the statement.

Hornbeck contends that the instant case is distinguishable from *Monceaux*.  Hornbeck contends that, like in *Monceaux*, this accident was unwitnessed. It contends, however, that unlike *Monceaux*, it has an additional reason for delaying the production of the witness statement.  Hornbeck contends that the Plaintiff went back to work as a barge captain for Hornbeck after the accident, and failed to notify Hornbeck or make any allegations as to negligence or unseasworthiness until over two years after the alleged incident.  Hornbeck contends that this constitutes good cause for delaying the production of the statement.  Hornbeck further contends that if it is required to provide the statement

4

prior to the deposition, it will be denied the opportunity to rebut the Plaintiff's testimony with his statement.

Alternatively, Hornbeck asks this Court to reconsider its ruling in *Monceaux* that an unwitnessed accident does not, in itself, provide the good cause necessary to enter a protective order. Hornbeck contends that several cases and the notes to Rule 26 indicate that it is appropriate in certain circumstances to withhold the production of a statement until after the party has been deposed.

In *Monceaux*, the plaintiff sought to compel the production of his statement taken the day of his accident prior to his deposition. The defendant refused and argued that it should not be required to provide his statement before the deposition because the accident was unwitnessed. The Court recognized that Courts have found that in certain circumstances delaying the production of a witness statement is proper, but found that courts have refused to delay the production in many instances. The Court noted that 'in these cases, the courts refused to delay the production of the statement noting that (1) the suggestion of entitlement to the unrefreshed testimony was insufficient; (2) that the plaintiff did not report the accident immediately after the accident was insufficient; and (3) preserving a statement for solely impeachment purposes was insufficient." *Monceaux,* 2006 WL 1236055 at *2 (citations omitted). The Court found that the reason set forth by the Defendant for delaying the production, namely the fact that the accident was unwitnessed, was contrary to cases in this District. Therefore, the Court ruled that simply indicating that an accident was unwitnessed was not, in and of itself, a sufficient reason to delay the production of a witness statement.

Here, in addition to the fact that the accident was unwitnessed, the Defendants provide only one other reason why there is good cause to delay the production of the Plaintiff's statement. Specifically, the Defendants argue that because the Plaintiff returned to work following his first accident and making the statement in question and failed to provide the Defendants with his specific

allegations of negligence and unseaworthiness until two years later, this is good cause to delay the production of his statement.

The Court is not persuaded that this amounts to good cause. Hornbeck has failed to articulate why this circumstance demonstrates that the Plaintiff would not testify truthfully or would testify truthfully only because of the threat that his prior statements might contradict him. Hornbeck has provided the Court with no reason, other than a mere suspicion, that providing the Plaintiff with his statement, which he is entitled to under our Federal Rules, will result in anything other than honest testimony. Because Hornbeck has not provided suitable good cause basis for delaying the production of the statement, the Plaintiff's motion to compel is granted.

**IV.**   **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff, Daniel Dwayne Hill's **Motion to Compel (R. Doc. 27)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant shall provide the Plaintiff with his June 17, 2008, statement no later than **three (3) days** from the signing of this Order.

New Orleans, Louisiana, this 27th day of June 2011

_____

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**